# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CCBCC, INC.,**
**Employer Below, Petitioner**

**vs.)   No. 11-1688**   (BOR Appeal No. 2046051)
(Claim No. 2011005794)

**ROY BURGESS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner CCBCC, Inc., by H. Toney Stroud, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated November 14, 2011, in which the Board affirmed a May 31, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 25, 2010, decision rejecting Mr. Burgess's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Burgess alleged he suffered an injury to his right knee while stepping up on a curb at Kroger. At the time of the alleged injury, Mr. Burgess was working as a merchandiser for CCBCC, Inc. The Office of Judges reversed the claims administrator's decision and held the claim compensable for right knee effusion and right knee sprain. On appeal, CCBCC, Inc. disagrees and asserts that Mr. Burgess was injured while stepping up onto the curb, which is not a particular danger to which his work exposed him, and therefore, is not a result of his employment.

The preponderance of the evidence demonstrates that Mr. Burgess did suffer an isolated fortuitous event on August 16, 2010, and sustained an injury on that date. The Charleston Area

1

Medical Center's report from August 16, 2010, the day of the injury, along with Mr. Burgess's statement that he injured his right knee when he stepped up on a curb at Kroger while entering the store to service it for CCBCC, Inc., supports the fact that he sustained a work-related right knee injury. Further, Paul Haymaker, a Kroger employee, stated in an affidavit that Mr. Burgess was seen limping at Kroger while there to service the store. The Board of Review reached the same reasoned conclusions in its decision of November 14, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 10, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin

2